UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYMOND ANGELIN                                         CIVIL ACTION

VERSUS                                                  NO: 20-01847

THRIVE LOGISTICS, et al.                                SECTION: T (5)

**<u>ORDER</u>**

Before the Court is a Motion for Partial Summary Judgment filed by Defendant Thrive Logistics, Inc. (hereinafter, "Defendant")(R. Doc. 13), and the response filed by the Plaintiff, Raymond Angelin, stating he has no evidence to oppose Defendant's Motion (R. Doc. 23). For the reasons set forth below, the Motion for Partial Summary Judgment is GRANTED, and Plaintiff's direct negligence claims against Defendant Thrive Logistics, Inc., are dismissed with prejudice.

This action arises from an alleged motor vehicle accident on April 8, 2019, in Orleans Parish, Louisiana, involving a tractor-trailer operated by Plaintiff and a tractor-trailer operated by defendant Jeremy Stready (R. Docs. 1-4 and 13-2, p. 1). Plaintiff alleges the accident and his resulting injuries and damages were caused by the negligence of Mr. Stready in several enumerated particulars. He further alleges Mr. Stready was acting in the course and scope of his employment with Defendant Thrive Logistics at the time of the accident and, correspondingly, that Defendant is vicariously liable for his alleged negligence under the doctrine of *respondeat superior*. Plaintiff additionally and separately alleges that the subject accident and his resulting injuries and damages were proximately caused by Defendant's independent or direct negligence in a number of

particulars.[1] As Plaintiff concedes, Defendant Thrive Logistics has admitted Mr. Stready was acting in the course and scope of his employment with Defendant when the alleged accident at issue occurred, and there is no evidence to contradict that admission.[2]

Defendant Thrive Logistics brings this Motion for Partial Summary Judgment on the basis that, under settled Louisiana law, a plaintiff cannot simultaneously maintain both a direct negligence claim and a claim for vicarious liability against a defendant-employer, when the employer has stipulated its defendant-employee was in the course and scope of employment when the alleged negligence occurred.

LAW and ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] When assessing whether a dispute as to any material fact exists, the court considers "all the evidence in the record but refrains from making credibility determinations or weighing the evidence."[4] All reasonable inferences are drawn in the favor of the nonmoving party, but "unsupported allegations or

---

[1] Plaintiff's direct negligence claims against Defendant Thrive Logistics are as follows:
    a. Failing to take necessary action to avoid the accident;
    b. Failing to properly monitor and train employee drivers;
    c. Acting with wanton and reckless disregard for the rights and safety of others;
    d. Failing to use due care and caution under the circumstances; and
    e. Any and all other acts of negligence, fault or imprudence which may be proven during the investigation of this matter, all of which are violations of the laws of Louisiana and the applicable ordinances which are hereby specifically pleaded and adopted by reference as though set forth *in extenso*.
R. Doc. 1-4, ¶ 8.
[2] R. Doc. 1-4, ¶ 6, and R. Doc. 12, *Stipulation as to Course and Scope of Employment*.
[3] Fed. R. Civ. P. 56(a).
[4] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[5] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[6] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[7]

The issue before the Court is whether a plaintiff in Louisiana can maintain direct negligence claims, such as negligent hiring, training, or supervision, against an employer, while at the same time asserting claims against the alleged negligent employee for which the plaintiff seeks to hold the employer vicariously liable when the employer has admitted the employee was in the course and scope of employment at the time of the alleged conduct. The Louisiana Supreme Court has not yet definitively resolved that issue, but Louisiana federal courts making an "*Erie* guess" have determined that: "A plaintiff may not simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when the plaintiff alleges both [] negligence by the employee and [] negligent hiring, training, and/or supervision by the employer; and [when] the employer stipulates that the employee acted in the course and scope of employment."[8] Defendant Thrive Logistics points to Louisiana state courts that have favorably relied on the federal district court decisions to hold similarly that plaintiffs cannot maintain direct

---

[5] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[7] *Smith v. Reg'l Transit Auth*., 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[8] *Wright v. National Interstate Ins. Co.*, No. CV 16-16214, 2017 WL 5157537, at *3 (E.D .La. 2017) (quoting *Dennis v. Collins*, No. CV 15-2410, 2016 WL 6637973, at *5 (W.D. La. 2016)); *see also Wilcox v. Harco International Insurance,* No. CV 16-187, 2017 WL 2772088, at *3 (M.D. La. 2017),

negligence claims against an employer while simultaneously maintaining claims against the alleged negligent employee for which plaintiffs seek to hold the employer vicariously liable after the employer has admitted the employee was in the course and scope of employment at the time of the alleged conduct.[9] Plaintiff makes no argument to the contrary. Accordingly, this Court, too, will follow the reasoning in *Dennis v. Collins*.

In this case, Plaintiff does not dispute Defendant's admission that the alleged motor vehicle accident at issue occurred while Mr. Stready was acting in the course and scope of his employment with Defendant. Therefore, the Court finds, as a matter of law, that Plaintiff cannot simultaneously maintain both (1) a negligence cause of action against Mr. Stready for which Defendant is vicariously liable under *respondeat superior* and (2) a direct/independent negligence cause of action against Defendant for its alleged negligent entrustment, hiring, training and supervision of Mr. Stready. Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment filed by Defendant Thrive Logistics, Inc. is GRANTED, and Plaintiff's direct negligence claims against Defendant are dismissed with prejudice.

New Orleans, Louisiana, this 28th day of May 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 13-2, p. 6, n. 26, citing *inter alia Wheeler v. United States Fire Ins. Co.*, 18-1422 (La. App. 1 Cir. 6/13/19); 2019 WL 2612903 (not reported), and attached as Exhibit C.